UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERMAN E. GUTIERREZ,

Plaintiff,

-against-

HAGGIS, INC., d/b/a St. Andrews, MARTIN P.
WHELAN, and MARK J. WHELAN,

Defendants.

**COMPLAINT**

**ECF CASE**

**JURY TRIAL DEMANDED**

Plaintiff German E. Gutierrez ("Gutierrez," or "plaintiff"), by his attorneys
Braverman Law PC, complaining of defendants Haggis, Inc., d/b/a St. Andrews,
Martin P. Whelan, and Mark J. Whelan (collectively referred to as "defendants"),
alleges:

NATURE OF THE ACTION

1.      Plaintiff brings this action to recover overtime wages, and other monies
pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and section
190 *et seq*. of the New York Labor Law ("NYLL").

2.      Defendants systematically ignored the requirements of the FLSA and
NYLL. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful
actions, compensation for unpaid overtime wages, liquidated damages, compensatory
damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the
FLSA and NYLL.

JURISDICTION

3.      This Court has subject matter jurisdiction of this case pursuant to 29

U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over

Gutierrez's claims under the NYLL pursuant to 28 U.S.C. § 1367.

VENUE

4.     Venue is proper in the Southern District of New York pursuant to 28

U.S.C. § 1391.  All facts alleged in this Complaint occurred at the restaurant operated by

defendant Haggis, Inc., d/b/a St. Andrews that is located in the Southern District of

New York.

THE PARTIES

**Plaintiff**

5.     Plaintiff Gutierrez resides in The Bronx, New York.

6.     Defendants employed Gutierrez as a food preparer and line cook from

approximately 1999 through on or about February 11, 2017, when defendants

terminated Gutierrez's employment.

**Defendants**

7.     Haggis, Inc. is a New York corporation that owns, operates, and does

business as St. Andrews.

8.     St. Andrews is a bar and restaurant located at 140 West 46th Street, New

York, New York 10036.  It is open for business on Sunday and Monday, from 11:30 a.m.

to 2:00 a.m., and on Tuesday through Saturday, from 11:30 a.m. to 4:00 a.m.

9.     St. Andrews has employees engaged in commerce or in the production of

goods for commerce and handling, selling, or otherwise working on goods or materials

that have been moved in or produced for commerce by any person.

10.     Upon information and belief, at all times relevant to this Complaint, St. Andrews has annual gross volume of sales in excess of $500,000.

11.     St. Andrews is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

12.     St. Andrews is an employer within the meaning of the FLSA.

13.     Defendant Martin P. Whelan ("Martin Whelan") is an owner of Defendant Haggis, Inc. and is sued individually and personally in his capacity as an owner, officer and/or agent of Haggis, Inc. d/b/a St. Andrews.

14.     At all times relevant to this Complaint, Defendant Martin Whelan hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at St. Andrews.  Martin Whelan exercises sufficient control over St. Andrews operations to be considered plaintiff's employer under the FLSA and NYLL.

15.     Martin Whelan is personally liable for the violations of the FLSA and NYLL by St. Andrews.

16.     Defendant Mark J. Whelan ("Mark Whelan") is an owner of Defendant Haggis, Inc. and is sued individually and personally in his capacity as an owner, officer and/or agent of Haggis, Inc. d/b/a St. Andrews.

17.     At all times relevant to this Complaint, Defendant Mark Whelan hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and

scheduling policies at St. Andrews.  Mark Whelan exercises sufficient control over St.

Andrews operations to be considered plaintiff's employer under the FLSA and NYLL.

18.     Mark Whelan is personally liable for the violations of the FLSA and NYLL

by St. Andrews.

PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS

**Plaintiff's hours worked**

19.     From approximately the beginning of 2011 through March 2013, Gutierrez

worked six days a week, usually taking off Sundays.

20.     Gutierrez was scheduled to work during this period was from 3:30 p.m. to

2 a.m., though he would often start working at least ten to fifteen minutes before 3:30

and would also stay a few minutes after 2:00 a.m.

21.     From 2011 through March 2015, Gutierrez worked approximately sixty-

five hours per week.

22.     Beginning in March 2013 through February 11, 2017 (the date his

employment terminated), Gutierrez worked five days a week, typically taking off

Sundays and Mondays.

23.     During this period, Gutierrez was scheduled to work from approximately

4:00 p.m. to 2:00 a.m., though he would ordinarily start working at least ten to fifteen

minutes before 4:00 p.m. and would also stay a few minutes after 2:00 a.m.

24.     From on or around March 2013 through February 11, 2017, Gutierrez

worked approximately fifty two hours per week.

25.     Throughout his employment, Gutierrez has been a covered, non-exempt

4

employee within the meaning of the FLSA and NYLL.

**Defendants' Failed to Pay Overtime Wages, and Failed to Provide Paystubs or Other Required Notices.**

26.     Gutierrez was paid on a salary basis as follows:  In 2011 and 2012, he was paid a salary of $650 per week; in 2013 through the end date of his employment, he was paid a salary of approximately $761.00 per week.

27.     There were certain weeks when he was paid a higher weekly salary when he worked 6 days a week.

28.     Gutierrez was paid his weekly salary by way of check.

29.     Gutierrez was paid certain cash amounts purportedly representing his overtime pay.

30.     Upon information and belief, when making such "overtime" payments, the defendants did not accurately assess the number of hours Gutierrez worked in excess of forty in a workweek.

31.     The defendants did not pay Gutierrez at the rate of one-and-one-half times his regular hourly rate for all hours over forty in a workweek.

32.     At all times relevant to this Complaint, defendants knew that Gutierrez was working more than forty hours in a workweek, but despite this fact did not pay him at the rate of one-and-one-half times his regular hourly rate for all hours over forty in a workweek.

33.     St. Andrews did not provide Gutierrez with annual wage notices and accurate wage statements.

**FIRST CLAIM**

5

(Fair Labor Standards Act — Unpaid Overtime)

34.    Gutierrez repeats and realleges all forgoing paragraphs as if set forth herein.

35.    Defendants were required to pay Gutierrez one-and-one-half times his regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, *et seq.*

36.    Defendants failed to pay Gutierrez the overtime wages to which he was entitled under the FLSA.

37.    Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Gutierrez overtime wages.

38.    Due to defendants' violations of the FLSA, Gutierrez is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**SECOND CLAIM**
(New York Labor Law — Unpaid Overtime)

39.    Gutierrez repeats and realleges all forgoing paragraphs as if set forth herein.

40.    Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay Gutierrez one-and-one-half times the regular rate of pay for all hours that he worked in excess of forty in a workweek.

41.    Defendants failed to pay Gutierrez the overtime wages to which he was entitled under the NYLL.

42.    Defendants willfully violated the NYLL by knowingly and intentionally

6

failing to pay Gutierrez overtime wages.

43.    Due to defendants' willful violations of the NYLL, Gutierrez is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

**THIRD CLAIM**
(New York Labor Law — Wage Theft Prevention Act)

44.    Gutierrez repeats and realleges all forgoing paragraphs as if set forth herein.

45.    The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011, through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

46.    The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

47.    Throughout Gutierrez's employment with defendants, defendants paid him without providing a wage statement accurately listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

48.    In violation of NYLL § 191, defendants failed to furnish to Gutierrez at the time of hiring, whenever there was a change to his rates of pay, and on or before

February 1 of each year of employment through 2014, wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

49.    Defendants failed to furnish Gutierrez with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

50.    Due to defendants' violation of NYLL § 195(1), Gutierrez is entitled to recover from defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

51.    Due to defendants' violation of NYLL § 195(3), Gutierrez is entitled to

8

recover from defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a.   declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

b.   declaring that defendants violated the notice provisions of the NYLL and WTPA;

c.   declaring that defendants' violations of the FLSA and NYLL were willful;

d.   enjoining future violations of the FLSA and NYLL by defendants;

e.   awarding plaintiff damages for unpaid overtime wages;

f.   awarding plaintiff liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

g.   awarding plaintiff liquidated damages as a result of defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

h.   awarding plaintiff pre- and post-judgment interest under the NYLL;

i.   awarding plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

j.   awarding such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              March 8, 2016


                                        BRAVERMAN LAW PC


                                        By: _____
                                             Adam Braverman
                                        450 Seventh Avenue, Suite 1308
                                        New York, New York 10123
                                        Tel.: (212) 206-8166
                                        adam@bravermanlawfirm.com

                                        *Attorneys for Plaintiff German E.
                                        Gutierrez*